**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

```
UNITED STATES OF AMERICA,    )
                             )
           Plaintiff,        )
                             )    Mag. No. 2008-06
v.                           )
                             )
SYDNEY LUCAS de MIRANDA,     )
                             )
           Defendant.        )
_____)
```

**ORDER**

This matter came before the Honorable Geoffrey W. Barnard, United States Magistrate Judge, on Friday, March 28, 2008, for preliminary and detention hearings pursuant to Fed. R. Crim. P. 5.1 and 18 U.S. C. § 3142, respectively. The defendant is charged with violating Title 8 U.S.C. section 1326(a)  The Government was represented by Ishmael A. Meyers, Jr., Assistant United States Attorney, and the defendant was represented Jesse A. Gessin, Assistant Federal Public Defender.

The government offered the testimony of Edgardo Santiago, United States Customs and Border Protection Officer, United States Department of Homeland Security.  Officer Santiago testified that on or about March 14, 2008, the defendant presented himself at the Cyril E. King Airport at Customs and Border Protection for inspection before departure for the United States.  The defendant presented a valid Washington state driver's license, but when asked about his citizenship and immigration status, the defendant could not state his immigration

USA v. de Miranda
Mag. No. 08-06
Order
Page 2 of 4

status in the United States.  Accordingly, the defendant was referred for secondary inspection.  Officer Santiago testified that at the secondary inspection, the defendant was fingerprinted and a positive match confirmed his identify as Sidney Lucas de Miranda, an individual who had been deported from the United States on October 23, 2003, for violation of title 8 U.S. C. section 212(a)(6)(A)(i), entering the United States without inspection.  Officer Santiago further testified that the defendant was traveling with his wife and she presented a South Carolina marriage certificate.  Officer Santiago further testified that the defendant did not have permission to reenter the United States either from the United States Attorney General or the United States Secretary of State.

   The defendant presented no testimony. The Court finds that there is sufficient evidence to support a finding that probable cause exists to believe that the defendant committed the offense charged.

   Title 18 U.S.C. § 3142 authorizes the court to detain a defendant if the court is convinced that there exists a serious risk that the defendant will flee the jurisdiction and there are no conditions that will assure the defendant's appearance at future proceedings.  The evidence before the court is that the defendant is a previously deported alien who does not have

USA v. de Miranda
Mag. No. 08-06
Order
Page 3 of 4

permission from neither the United States Attorney General nor the United States Secretary of State to reenter the United States. Although the defendant may be married to a United States citizen, the defendant has not established that this fact enables him to automatic reentry into the United States.

Further, the defendant did not offered a third-party custodian or any surety for the court's consideration. Further, it does not appear that the defendant has ties to the Virgin Islands. Accordingly, it is hereby

 **ORDERED** that the defendant will be held to answer in the District Court of the Virgin Islands to the charge of violating title 8 U.S. C. section 1326(a); it is further

 **ORDERED** that the defendant will be detained, without prejudice, and will be committed to the custody of the United States Attorney General for confinement in a Corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; it is further

 **ORDERED** that on order of the Court or on request of the United States Attorney, the Warden of the Bureau of Corrections will deliver the defendant to the United States Marshal for the purpose of appearance in connection with court proceedings; and

USA v. de Miranda
Mag. No. 08-06
Order
Page 4 of 4

it is further

**ORDERED** that the defendant will be allowed reasonable opportunity for private consultation with his counsel.

**DATED:** March 31, 2008                 /s_____
                                          **GEOFFREY W. BARNARD**
                                          **U.S. MAGISTRATE JUDGE**

**ATTEST:**
Wilfredo F. Morales
Clerk of Court